UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BILLIE J. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-02039-SEB-TAB |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) | |
| COMMUNITY HEALTH | ) | |
| NETWORK/GALLAHUE MENTAL | ) | |
| HEALTH SERVICES, | ) | |
| | ) | |
| Defendants. | | |

**ORDER GRANTING DEFENDANT COMMUNITY HEALTH NETWORK'S
MOTION TO DISMISS**

This cause is before the Court on Defendant Community Health Network's

Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for a More

Definite Statement [Docket No. 36], filed on December 9, 2014, pursuant to Federal

Rules of Civil Procedure 12(b)(6) and 12(e). Plaintiff Billie J. Howard is proceeding *pro*

*se*. For the reasons set forth below, the Motion to Dismiss is <u>GRANTED</u> as to Defendant

Community Health Network[1].

**Factual and Procedural Background**

---

[1] We need not address the alternative motion for a more definite statement for the reasons set out below.

Plaintiff filed her original complaint on December 26, 2013, pursuant to Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and 42 U.S.C. §

1981[2]. Plaintiff originally identified Indianapolis Public Schools ("IPS") as the sole

Defendant[3]. Plaintiff subsequently filed an amended complaint on June 30 adding a claim

under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

("ADEA"). The amended complaint named Community Health Network/ Gallahue

Mental Health Services as an additional defendant in this action. Defendant Community

Health Network filed the instant motion to dismiss on December 9, 2014, which is now

fully briefed and ready for a ruling by the Court.

Plaintiff alleges in her amended complaint that she was "treated differently from

similarly situated employees and suffered 'unlawful' employment discrimination due to

her race and age; resulting in retaliation, adverse action and disparate impact by

Defendants." Am. Compl. at 3. The only fact averred by Plaintiff concerning specific

actions taken against her by Defendant Community Health Network is as follows:

"Employer (Gallahue) did not give any reason for Ms. Howard's discharge other than her

---

[2] The original complaint alleged that Plaintiff was "treated differently from similarly situated employees and suffered unlawful employment discrimination due to race, resulting in retaliation, adverse action and disparate impact by/or in connection with entity/agency." Dkt. No. 1. Under the "facts in support of complaint" section of her employment discrimination complaint, she alleged: "Filed charge of discrimination with EEOC on August 15, 2013." *Id.*

[3] Plaintiff's amended complaint appears to allege that IPS is filing a Counterclaim against Ms. Howard: "IPS allegations of claims against Ms. Howard (which she DENIES). That Early in the 2013-2014 school year, Ms. Howard left the school building with a special education student without signing the student out or reporting to any administrator that she was removing the student from the IPS building." Am. Compl. at 3. To the Court's knowledge, IPS has not asserted any claims against Ms. Howard. IPS listed documents relating to this alleged incident as potential exhibits on its preliminary witness and exhibits list [Dkt. No. 20], but there is no counterclaim filed against Ms. Howard.

failure to return from administrative leave by an ambiguous date given by said

employer." *Id.*

<strong><u>Applicable Rules of Law</u></strong>

The motion before us seeks dismissal of the claims in Plaintiff's Amended

Complaint relating to Defendant Community Health Network on grounds of its failure to

state a claim on which relief can be granted, or in the alternative, a more definite

statement of the claims in the complaint; this motion thus invokes Federal Rules of Civil

Procedure 12(b)(6) and 12(e), respectively.

**1. Rule 12(b)(6) motion:**

Rule 12(b)(6) authorizes dismissal of claims for their "failure to state a claim upon

which relief may be granted." Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of

a claim, the court considers all allegations in the complaint to be true and draws such

reasonable inferences as required in the plaintiff's favor. *Jacobs v. City of Chi.*, 215 F.3d

758, 765 (7th Cir. 2000). Federal Rule of Civil Procedure 8(a) applies, with several

enumerated exceptions, to all civil claims, and it establishes a liberal pleading regime in

which a plaintiff must provide only a "short and plain statement of the claim showing that

[she] is entitled to relief," Fed. R. Civ. Pro. 8(a)(2). This reflects the modern policy

judgment that claims should be "determined on their merits rather than through missteps

in pleading." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir.

2007) (citing 2 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 8.04 (3d ed.

3

2006)). A pleading satisfies the core requirement of fairness to the defendant so long as it provides "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In its decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court imposed a more stringent formulation of the pleading requirements under Rule 8. In addition to providing fair notice to a defendant, the Court clarified that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The plausibility of a complaint depends upon the context in which the allegations are situated, and turns on more than the pleadings' level of factual specificity; the same factually sparse pleading could be fantastic and unrealistic in one setting and entirely plausible in another. *See In re Pressure Sensitive Labelstock Antitrust Litig.*, 566 F. Supp. 2d 363, 370 (M.D. Pa. 2008).

Although *Twombly* and *Iqbal* represent a new gloss on the standards governing the sufficiency of pleadings, they do not overturn the fundamental principle of liberality embodied in Rule 8. As this court has noted, "[N]otice pleading is still all that is required,

4

and 'a plaintiff still must provide only enough detail to give the defendant fair notice of

what the claim is and the grounds upon which it rests, and, through his allegations, show

that it is plausible, rather than merely speculative, that he is entitled to relief.'" *United

States v. City of Evansville*, 2011 WL 52467, at *1 (S.D. Ind. Jan. 8, 2011) (quoting

*Tamayo*, 526 F.3d at 1083). On a motion to dismiss, "the plaintiff receives the benefit of

imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v.*

*Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

Moreover, whereas here, the plaintiff is proceeding *pro se*, the Court construes the

complaint liberally, however inartfully pleaded, and holds it to less stringent standards

than pleadings drafted with the assistance of counsel. *Childress v. Walker*, No. 14-1204,

2015 WL 2408070 at *8, n.1 (7th Cir. May 21, 2015) (citing *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (per curiam); *see also Ambrose v. Roeckman*, 749 F.3d 615, 618 (7th

Cir. 2014); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013);

*Anyaorah v. Indiana Univ.-Purdue Univ. at Indianapolis*, No. 1:12-cv-00504-JMS-MJD,

2012 WL 2258848, at *1 (S.D. Ind. 2012).

### 2.  **Rule 12(e) motion:**

Under Federal Rule of Civil Procedure Rule 12(e), a party may move for a more

definite statement when a complaint is "so vague or ambiguous that the party cannot

reasonably prepare a response." Fed. R. Civ. P. 12(e). When considering whether to grant

a 12(e) motion, a court's inquiry is guided by the federal pleading requirements. As

described above, a plaintiff's complaint need only contain "a short plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because of

this liberal pleading standard, "Rule 12(e) motions are generally disfavored" and should

be granted "only when the pleading is so unintelligible that the movant cannot draft a

responsive pleading." *United States for Use of Argyle Cut Stone Co. v. Paschen*

*Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987); *see also MacNeil Auto. Prods.*

*v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010); *Guess?, Inc. v. Chang*,

912 F. Supp. 372, 381 (N.D. Ill. 1995).

## Discussion

As previously noted, a complaint must "contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570). Additionally, the complaint must state facts that

"raise a right to relief above the speculative level." *Killingsworth*, 507 F.3d at 618

(quoting *Twombly,* 550 U.S. at 555). Here, Plaintiff alleges that she was "treated

differently from similarly situated employees and suffered 'unlawful' employment

discrimination due to her race and age; resulting in retaliation, adverse action and

disparate impact by Defendants." Am. Compl. at 3. The complaint lacks any factual

support for this conclusory assertion that would satisfy the plausibility standard. The only

allegation contained in the amended complaint referencing Defendant

Gallahue/Community Health states: "The said Employer (Gallahue) did not give any

reason for [Plaintiff's] discharge other than her failure to return from administrative leave

by an ambiguous date given by said employer." Am. Compl. at 3.

This allegation fails to adequately inform Defendant (or the Court) of the factual grounds upon which Plaintiff's Title VII, Section 1981, and/or the ADEA claims against it are based. Although Plaintiff alleges that Community's reason for terminating her employment was her failure to return from administrative leave, such action on its own is not unlawful. Plaintiff's amended complaint contains no other factual allegations relating to discriminatory or retaliatory conduct on Community's part that would transform her meager factual assertion into a viable cause of action.

A complaint must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo*, 526 F.3d at 1083. Plaintiff's complaint falls well short of this requirement. It does not allege sufficient facts to provide notice of the circumstances surrounding the alleged discrimination and retaliation, relying instead entirely on "mere conclusory statements." *Iqbal*, 556 U.S. at 664 (citing *Twombly*, 550 U.S. at 555). Even though we are obligated to construe *pro se* complaints liberally, Plaintiff's claim lacks sufficient facts to make it plausible, and to properly notify Defendant of the grounds on which it is being sued. Accordingly, we conclude that Plaintiff's amended complaint fails to state a claim against Community Health Network upon which relief may be granted. As such, Defendant's Motion to Dismiss is GRANTED, without prejudice.[4]

---

[4] Because this court is dismissing Plaintiff's amended complaint for failure to state a claim, we need not address Defendant's request in the alternative for a more definite statement under 12(e). *See, e.g., Griffin v. Milwaukee Cnty.*, 369 F. App'x 741, 743 (7th Cir. 2010) (citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)) ("It is often simpler to dismiss an unintelligible complaint with leave to file a new a new one so that a plaintiff's allegations are contained in only one document rather than two: the complaint and the more definite statement.").

## Conclusion

For the reasons detailed above, we <u>GRANT</u> Defendant Community Health

Network's motion to dismiss, without prejudice. Plaintiff is granted 30 days from the date

of this entry within which to file a second amended complaint addressing the deficiencies

discussed herein. If she fails to do so, all claims against Defendant Community Health

Network will be dismissed with prejudice. Because Defendant IPS has not moved to

dismiss Plaintiff's claims against it, those claims shall proceed.


IT IS SO ORDERED.


Date: _____06/16/2015_____                 _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BILLIE J. HOWARD
7244 Lakeside Woods Dr.
Indianapolis, IN 46278

Roberta Sabin Recker
FAEGRE BAKER DANIELS LLP - Indianapolis
rsrecker@FaegreBD.com

Ryann E. Ricchio
FAEGRE BAKER DANIELS LLP - Indianapolis
ryann.ricchio@faegrebd.com

Courtney R. King
ICE MILLER LLP
courtney.king@icemiller.com

Tami A. Earnhart
ICE MILLER LLP
earnhart@icemiller.com